UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KP DESIRE ST., LLC**  CIVIL ACTION

**VERSUS**  No. 23-4632

**VELOCITY RISK UNDERWRITERS**  SECTION I

ORDER AND REASONS

Before the Court is a summary judgment motion[1] filed by defendant Independent Specialty Insurance Company ("Independent") on the ground of prescription. Independent filed this motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) but, in accordance with Rule 12(d), the Court converted the motion to a motion for summary judgment pursuant to Rule 56.[2] For the reasons set forth below, the Court grants summary judgment to Independent.

I. BACKGROUND

This case concerns hurricane damage to properties of plaintiff KP Desire St., LLC ("KP"). On August 29, 2021, Hurricane Ida struck Louisiana.[3] At that time, Independent insured two of KP's properties,[4] which sustained wind damage as a result of Hurricane Ida.[5] KP alleges that Independent failed to timely pay for the hurricane damage.[6]

---

[1] R. Doc. No. 52.
[2] R. Doc. No. 55.
[3] R. Doc. No. 27, ¶ 6.
[4] *Id.* ¶ 4.
[5] *Id.* ¶ 7.
[6] *Id.* ¶ 13.

On August 28, 2023, KP instituted this action by filing a complaint alleging a breach of contract.[7] However, KP erroneously named Velocity Risk Underwriters ("Velocity"), a third-party administrator for Independent, as the defendant.[8] A summons as to Velocity was issued on September 5, 2023.[9] Since the complaint was filed on August 28, 2023, the 90-day period provided by Rule 4(m) for serving Velocity expired on November 26, 2023. However, neither proof of service, nor an answer, nor a motion pursuant to Rule 12(b) was filed in the record prior to November 26, 2023. For that reason, the Court ordered KP to show good cause as to why Velocity should not be dismissed for failure to prosecute pursuant to Rule 4(m).[10]

KP responded to the order.[11] It alleged, without any corroborating evidence, that it mailed the complaint to National Registered Agent, Inc. ("NRAI"), the alleged designated agent of Velocity, on or about November 20, 2023.[12] Its response did not address whether, in accordance with Federal Rule of Civil Procedure 4(c)(1), the mailing of the complaint was accompanied by a summons.

The Court then ordered KP to file into the record the return of proper legal service on Velocity.[13] KP subsequently filed into the record an affidavit of Rachel Jokinen, an employee of KP's counsel, which stated that Jokinen sent via certified

---

[7] R. Doc. No. 1.
[8] *Id.* ¶ 1.
[9] R. Doc. No. 3.
[10] R. Doc. No. 11.
[11] R. Doc. No. 12.
[12] *Id.* ¶ 2.
[13] R. Doc. No. 13.

2

mail a copy of the complaint on February 8, 2024.[14] Appended to the affidavit is a return receipt indicating that the copy of the complaint was delivered to NRAI on February 12, 2024.[15] The affidavit did not mention November 20, 2023, nor did it attach any evidence that the complaint was mailed on that date.

The Court then ordered a second docket call.[16] The order stated that the defendants listed therein would be dismissed upon failure of the plaintiff to show good cause as to why the defendants should remain on the docket.[17] Prior to the date of the scheduled docket call, Velocity filed a motion to dismiss.[18] It asserted that KP's breach-of-contract claim necessarily failed because there was no privity between KP and Velocity as Independent was KP's insurance carrier.[19] It also asserted that dismissal was appropriate because of KP's failure to timely and properly serve Velocity. Velocity explained that it still had not been properly served because NRAI is not the registered agent of Velocity.[20] In fact, Velocity's filing information with the Louisiana Secretary of State states that Corporation Service Company is Velocity's registered agent.[21] Velocity also averred that KP has not demonstrated good cause as to why the Court should grant leave to file a proper service of process more than 200 days since the filing of the original complaint.[22]

---

[14] R. Doc. No. 14.
[15] R. Doc. No. 14-1.
[16] R. Doc. No. 18.
[17] *Id.*
[18] R. Doc. No. 19.
[19] R. Doc. No. 19-1, at 2–4.
[20] *Id.* at 4–5.
[21] R. Doc. No. 19-4.
[22] R. Doc. No. 19-1, at 5.

The Court then held a telephone status conference with the parties.[23] At the conference, KP agreed it would not oppose Velocity's motion to dismiss once it filed its amended complaint.[24] Thereafter, KP filed its amended complaint[25] against Independent, and the Court granted Velocity's motion.[26]

Independent then filed a motion to dismiss pursuant to Rule 12(b)(6) on the ground of prescription under Louisiana Law.[27] The Court denied the motion as moot because the case was stayed pursuant to Case Management Order No. 1 and the amendments thereto.[28] Independent subsequently sought and was granted leave to file a motion to dismiss.[29] It then filed a nearly identical motion to its initial motion to dismiss, which again argues that KP's claims are prescribed.[30] In response, KP asserts that its claims against Independent are not prescribed because the amended complaint relates back to the date of the original pleading pursuant to Rule 15(c)(1)(C).[31]

When the Court considered the motion to dismiss, it found that conversion of the motion into a motion for summary was required pursuant to Rule 12(d)[32] because

---

[23] R. Doc. No. 26.
[24] *Id.*
[25] R. Doc. No. 27.
[26] R. Doc. No. 28.
[27] R. Doc. No. 37.
[28] R. Doc. No. 43.
[29] R. Doc. Nos. 44, 51.
[30] R. Doc. No. 52.
[31] R. Doc. No. 54, at 3–4.
[32] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable

4

the parties presented matters outside the pleadings, which the Court elected not to exclude given their relevance to the relation-back analysis.[33] In accordance with Rule 12(d), the Court gave both parties an opportunity to submit additional briefing and present all material pertinent to the relation-back analysis.[34] The deadline for KP to submit additional briefing and material was November 7, 2024.[35] To date, KP has not submitted any additional material and so has failed to provide such material within the timeframe set by the Court's order.

## II. STANDARD OF LAW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (alteration in original) (citation and internal quotations omitted).

---

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).
[33] R. Doc. No. 55.
[34] *Id.*
[35] *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party meets this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A); *see also Celotex Corp.*, 477 U.S. at 323. When the movant does not bear the burden of persuasion at trial, the movant need only demonstrate the absence of evidence supporting the nonmovant's case and so "need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original); *see also Celotex Corp.*, 477 U.S. at 322–23. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

When the movant satisfies its initial burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* at 1075; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. However, this rule applies "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Courts will "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. "When

6

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380. Accordingly, the nonmovant's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (citations omitted).

In ruling on a motion for summary judgment, courts do not usurp or "denigrate" the role of the jury: "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255.

### III. ANALYSIS

From the face of KP's amended complaint, KP's claims against Independent are prescribed. Hurricane Ida struck Louisiana and damaged KP's properties on August 29, 2021. Louisiana law provides a two-year prescriptive period for claims arising from insurance disputes regarding hurricane damage pursuant to Louisiana Revised Statute 22:868. The prescriptive period concluded on August 29, 2023. KP did not file its amended complaint against Independent until May 8, 2024.[36] Thus, KP's claims against Independent had been prescribed for more than eight months before KP filed the amended complaint.

---

[36] R. Doc. No. 27.

KP asserts that its claims are not prescribed because the amended complaint relates back to its initial complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C).[37] KP filed its original complaint on August 28, 2023—the day before the prescriptive period concluded.[38] If the requirements for relation back are met, the amended complaint will be considered filed on the date of the original complaint and thus within the prescriptive period. Since Independent has demonstrated that the claims are prescribed on their face, KP now "[has] the burden to demonstrate that [the] amended complaint relates back under Rule 15(c)." *See Al-Dahir v. F.B.I.*, 454 F. App'x 238, 242 (5th Cir. 2011) (per curiam); *see also Dodson v. Hillcrest Sec.*, Nos. 92-2353, 92-2381, 1996 WL 459770 (5th Cir. July 14, 1996).

Rule 15(c) provides that an amendment that changes a party to the action will relate back

> if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>     (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>     (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[37] R. Doc. No. 54, at 3.
[38] R. Doc. No. 1.

Fed. R. Civ. P. 15(c)(1)(C).[39] Independent concedes that Rule 15(c)(1)(B) is satisfied.[40] As a result, KP must now carry its burden to demonstrate that Independent received both sufficient and timely notice of the action as well as that Independent did in fact or should have known that, but for KP's mistake, the action would have been brought against it.

In its four-page response to the motion to dismiss, KP mainly avers how it worked "tirelessly" with "diligent effort" to correct its mistake.[41] However, the plaintiff's diligence is irrelevant for the purposes of Rule 15(c).

With respect to the mistake requirement, KP asserts, without citation, that its mistake in naming Independent's administrator rather than Independent is the kind of mistake Rule 15(c) is meant to correct.[42] However, KP fails to address whether Independent had knowledge or should have had of the mistake. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint.").

---

[39] Rule 15(c) governs relation back in this matter even though the Court is sitting in diversity because Rule 15(c) is procedural. *See Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987). Accordingly, other district courts in this Circuit have applied 15(c) in diversity cases when a party seeks to amend the complaint to change parties. *See, e.g., Edwards v. Junior State of Am. Found.*, No. 19-CV-140, 2020 WL 10317733, at *2 (E.D. Tex. Sept. 4, 2020).
[40] R. Doc. No. 52-1, at 10.
[41] R. Doc. No. 54, at 3–4.
[42] *Id.* at 3.

9

KP also stresses the fact that its mistake was "reasonable and understandable" because Velocity and Independent are "related entities."[43] It cites two documents outside the pleadings in support. It first notes that the policy declaration page has "Velocity risk underwriters" in the letterhead.[44] KP also cites a letter from an account consultant for Sedgwick Delegated Authority which states that "Sedgwick Delegated Authority ('Sedgwick') is the Third-Party Claims Administrator for Velocity Claims, LLC, acting on behalf of Independent Specialty Insurance Company ('Independent Specialty'), administered by Velocity Risk Underwriters, LLC."[45] KP concludes from these documents that there is "confusion and [a] web of different companies acting on one another's behalf[, which] is by design of the Defendant and their associated entities." Even if the Court were to agree that the business arrangement between Velocity and Independent is confusing, that confusion does not warrant relation back pursuant to Rule 15(c)(1)(C).

Although KP does not explicitly address the notice requirement, the Court construes KP's averment that Velocity and Independent are related in a web of businesses as an oblique reference to the notice requirement insofar as this business arrangement begets an identity of interest between the companies. The Fifth Circuit has held that notice can be inferred "if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998). An identity of interests exists where "the

---

[43] *Id.* at 3–4.
[44] *Id.* at 3 (citing R. Doc. No. 37-5).
[45] *Id.* (citing R. Doc. No. 37-3).

parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id.*

However, before this Court reaches the question of whether a sufficient identity of interests exists between Velocity and Independent, it must first consider whether Velocity received timely notice of the action within the time-period of Rule 4(m). *See Searls v. Insureco Agency & Ins. Servs.*, 338 F. App'x 365, 367 (5th Cir. 2009) (per curiam) ("Before we can reach the question of whether ASI and Insureco share an 'identity of interest,' we must first decide if the district court properly concluded in summary judgment that Insureco did not receive notice of the action within the Rule 4(m) time period."). Rule 15(c)(1)(C) requires that the party to be added receive sufficient notice of the action "within the period provided by Rule 4(m)." Since notice must be imputed to Independent by way of an identity of interest with Velocity, it must be the case that Velocity itself received notice within the 4(m) period. As explained above, the 90-day period provided by Rule 4(m) expired on November 26, 2023. If Velocity did not receive notice by November 26, 2023, then the notice imputed to Independent would necessarily be untimely.

The Court finds that KP has failed to demonstrate that Velocity received timely notice of the action. KP offers no evidence regarding this issue in its response to the motion to dismiss and has declined the opportunity to submit material addressing the timeliness requirement. Because it has not proffered any evidence, KP necessarily fails to meet its burden on summary judgment. *Jeffrey v. Columbia Med. Ctr. at*

11

*Lancaster Subsidiary LP*, No. 01-10178, 2002 WL 31016499, at *2 (5th Cir. Aug. 15, 2002) ("Summary judgment should be granted if the nonmovant fails to make a sufficient showing, by appropriate summary judgment evidence, to establish the existence of an essential element of his case on which he will bear the burden of proof at trial.").[46]

Similarly, KP has not presented sufficient evidence to carry its burden that Velocity and Independent are "so closely related in their business operations," *Jacobsen*, 133 F.3d at 320, as to infer notice. In its response, KP asserted that Velocity and Independent are related entities in order to defend the reasonableness of its mistake.[47] While KP has established that Velocity and Independent are related entities, it has proffered no evidence that expounds the extent to which the business operations of Velocity and Independent are interconnected. The Court thus finds that KP has not satisfied the notice requirement of Rule 15(c)(1)(C)(i).

---

[46] The Court also notes that, pursuant to Rule 56(c)(3), the Court "may consider other materials in the record" besides the materials cited in the briefing. Review of this material casts doubt whether KP could have established timeliness even if it had taken the opportunity to submit additional briefing. The Rule 4(m) period expired on November 26, 2023. In its response to the order to show cause, KP alleged, without corroborating evidence, that it initially mailed NRAI a copy of the complaint on or about November 20, 2023. In its response to the Court's order to provide proof of service, KP instead provided an affidavit, which did not even reference the November 2023 mailing, and a return receipt dated February 12, 2024. KP's response serves to prove merely that NRAI received notice of the action in February 2024, several months after the Rule 4(m) period expired. Further, as explained above, NRAI is not even the registered agent of Velocity. In light of the record as it currently stands, the earliest indication that Velocity had notice of the action is when Velocity filed its motion to dismiss in April 2024—five months after the Rule 4(m) period expired.
[47] R. Doc. No. 54, at 3–4.

12

In sum, the Court finds that KP has not put forward sufficient evidence to establish any of the requirements of relation back pursuant to Rule 15(c)(1)(C) apart from the incorporated requirement of Rule 15(c)(1)(B). Consequently, the Court concludes that the amended complaint does not relate back. Accordingly, KP's claims against Independent are prescribed.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that KP Desire St., LLC's claims against Independent Specialty Insurance Company are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 14, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

13